UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSELYNN KÉROLLÉ, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCETON INFORMATION LTD.,<br><br>Defendant. | Case No.  17-1139<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Roselynn Kérollé, on behalf of herself and all others similarly situated, upon personal knowledge as to herself and upon information and belief as to other matters, by and through her attorneys, for her Complaint against Princeton Information ("Defendant") alleges as follows:

## I.  JURISDICTION

1.      This Court has subject matter jurisdiction over Plaintiff's First Claim For Relief under the Fair Labor Standards Act (29 U.S.C. §§ 207, 216(b)) pursuant to 28 U.S.C. §1331.

2.      This Court has jurisdiction over Plaintiff's Second through Fourth Claims For Relief pursuant to 28 U.S.C. § 1367(a), as Plaintiff's state law claims form part of the same case or controversy as Plaintiff's Fair Labor Standards Act claim.

## II.  VENUE AND INTRADISTRICT ASSIGNMENT

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because Plaintiff performed work for Defendant in New York, New York, a city within this District, and Defendant Princeton Information conducts substantial business in New York, New York. Accordingly, Defendant conducted and continues to conduct substantial business in this District, a substantial part of the transactions at issue took place in this District, and Defendant's liability arose, in part, in this District.

### III.   **INTRODUCTION**

4.     Plaintiff's claims in this case are based on the failure of Defendant to pay regular and overtime wages to Plaintiff and other similarly-situated CRM Business Analysts ("Analysts"). Defendant's common policy was to pay Plaintiff and other Analysts at a straight time rate for all hours worked, including overtime hours—except that Defendant refused to pay *any* compensation to Analysts for the ninth and tenth hours worked on any given work day.  As a result of this policy, Defendant has deprived Plaintiff and other Analysts of regular and overtime wages.

5.     This failure to pay any compensation for hours worked is a violation of New York state law, and the failure to pay an overtime rate for overtime hours worked is a violation of New York and federal law because Plaintiff and other Analysts do not satisfy the requirements of any applicable exemption to federal or state overtime laws. Plaintiff and other Analysts do not qualify as exempt under the executive, administrative, or professional exemptions to overtime pay requirements because, among other reasons, a requirement of those exemptions is that the employee be paid on a "salary basis."

6.     An employee is considered to be paid on a "salary basis" within the meaning of federal and state law if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Here, Defendant does not pay Plaintiff and other similarly-situated Analysts on a salary basis. Rather, the wages paid to Plaintiff and other Analysts vary depending on the number of hours that the employees work each week, and those wages are subject to reduction because of variations in the quality or quantity of the work performed. Because Defendant does not pay Plaintiff and other Analysts on a "salary basis" within the meaning of federal or state overtime law, it may not lawfully treat these employees as exempt from overtime under the executive, administrative, or professional exemptions. Defendant has accordingly violated state and federal overtime laws by not paying Plaintiff and other Analysts at an overtime rate for

overtime hours worked and by failing to provide them the other attendant rights of non-exempt employees.

7.     Plaintiff accordingly brings claims for payment of overtime, liquidated damages, interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), on behalf of similarly situated Analysts who have worked for Defendant nationwide (collectively hereinafter "FLSA Collective Action Members"). The collective action claims are brought on behalf of Plaintiff and all FLSA Collective Action Members during the period commencing three years prior to the filing of their respective Consents (the "Collective Action Period").

8.     Plaintiff also brings claims under New York state law for overtime compensation, unpaid wages, statutory penalties, liquidated damages, interest, and attorneys' fees and costs. These New York claims are brought on behalf of a Federal Rule of Civil Procedure 23 Class of similarly-situated Analysts who worked for Defendant in New York ("New York Class Members") during the period commencing six years prior to the filing of this action (the "Class Period").

9.     The New York Class Members and FLSA Collective Action Members shall hereinafter be collectively referred to as "Class and Collective Action Members."

## IV.   PARTIES

### A.  Plaintiff

10.     Plaintiff Roselynn Kérollé is a resident of Valley Stream, New York. She has worked for Defendant Princeton Information as an Analyst since approximately 2010.

### B.  Defendant

11.     Defendant Princeton Information Ltd. is "one of the nation's largest privately-held IT consulting firms" and describes itself as "provid[ing] Fortune 500 and Mid-Cap companies with a full range of on-, near- and off-shore solutions and staffing services."

Defendant maintains offices in Jersey City, NJ; Dallas, TX; Charlotte, NC; Fort Washington, PA; Richmond, VA; Tampa, FL; and Reston, VA.

12.    Defendant is, and at all relevant times has been, an employer covered by the Fair Labor Standards Act and New York Labor Law and its enacting regulations, N.Y. COMP. CODES R. & REGS. tit. 12, *et seq.*

## V.    STATEMENT OF FACTS

13.    Defendant employs personnel who provide consulting services to its customers. Upon information and belief, these personnel are specialized project management employees for the clients of Defendant and are essentially temporary employees assigned to work at Defendant's clients' locations for the duration of such projects. Regardless of their job titles or job duties, upon information and belief, these employees were not paid any compensation for their ninth and tenth hours of work for each work day and were not paid time and a half overtime rates for hours worked over forty in a week.

14.    Plaintiff and other Analysts, however, were not paid on a salary basis. When Plaintiff and other Analysts worked more than one but less than 40 hours in a workweek, they received less in weekly compensation than when they worked a full 40 hours in a workweek. Similarly, if Plaintiff and other Analysts worked a partial day (less than eight hours in a day), Defendant deducted the number of hours missed on that day from the employee's weekly pay (a practice known as deductions for "partial day absences"). For example, during the pay period ending on July 15, 2014, Plaintiff worked—and reported on her timesheet—three hours on July 8 and, as a result, received less in compensation during the pay period than if she had worked an eight-hour day on July 8.  Accordingly, Defendant did not pay Plaintiff or other Analysts on a salary basis, such that they have not been exempt from overtime under federal or state law while they have worked as Analysts for Defendant.

15.    Further, Plaintiff and other Analysts were not paid at all for the ninth and tenth hours they worked in a day.  For example, during the pay period ending on March 31, 2015, Plaintiff worked more than eight hours a day on eight work days and worked eight hours a day

on four work days, for a total of 102.33 work hours over twelve work days—all of which she reported on her timesheet. Yet she was paid for only 96 hours, which signifies payment for eight hours of work per day for each of her twelve work days during the pay period.

16.     Defendant has been aware of the requirement to pay Plaintiff and other Analysts their regular rate for all hours worked and the requirement to pay time and one-half overtime compensation to employees who are not paid on a salary basis.

17.     Defendant's knowledge of the legal requirement to pay employees overtime when they are not paid on a salary basis is directly relevant here because Defendant will not be able to make the good faith showing required to avoid an award of double liquidated damages under the FLSA.

18.     Defendant has not kept accurate records of Class and Collective Action Members' work hours, as the itemized statements that Defendant has furnished to Class and Collective Action Members at the time they are paid their wages do not accurately reflect their actual hours worked, nor do they reflect the proper rate(s) of pay.

## VI.     COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings her First Claim For Relief for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the FLSA Collective Action Members, who include all persons nationwide who have worked for Defendant as Analysts within the applicable statutory time period.

20.     Plaintiff and the FLSA Collective Action Members are similarly situated because they are subject to Defendant's common practice of unlawfully paying straight time rates for overtime work hours even though they are not paid on a salary basis.

21.     The First Claim For Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because Plaintiff's claims are similar to the claims of the FLSA Collective Action Members.

22.     The names and addresses of the FLSA Collective Action Members are available from Defendant. Accordingly, Plaintiff prays herein for an order requiring Defendant to provide the names and all available contact information for all FLSA Collective Action Members, so notice can be provided to them of the pendency of this action, and their right to opt-in to this action.

## VII.     RULE 23 CLASS ALLEGATIONS

23.     Plaintiff brings all claims alleged herein under New York law as a statewide class action on behalf of all persons who worked for Defendant in New York as Analysts during the time period covered herein.  Plaintiff seeks to certify a class pursuant to the Federal Rules of Civil Procedure, Rule 23 comprised of:

> All persons who are or have worked as CRM Business Analysts for Defendant in the State of New York during the period commencing six years from the filing of this action through the entry of final judgment in this action.

24.     The class claims herein have been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law and or fact common to the class; (3) the claims of the proposed class representatives are typical of the claims of the class; and (4) the proposed class representative and her counsel will fairly and adequately protect the interests of the class.  In addition, the questions of law or fact that are common to the class predominate over any questions affecting only individual class members and a class action is superior to other available means for fairly and efficiently adjudicating the controversy.

25.     Numerosity:  The potential New York Class Members as defined herein are so numerous that joinder would be impracticable.  Plaintiff is informed and believes, and based on such information and belief, alleges that Defendant has employed personnel at many clients in New York during the Class Period, such that there are likely a significant number of other CRM Business Analysts in New York subject to the practices alleged herein. The names and addresses

of the New York Class Members are available to Defendant. Notice can be provided to the New York Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

26.     Commonality and Predominance of Common Questions:  There are questions of law and fact common to Plaintiff and the New York Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

a.     Whether Defendant has failed to pay New York Class Members regular wages for all hours worked;

b.     Whether Defendant has failed to pay New York Class Members overtime wages for time worked in excess of 40 hours per week;

c.     Whether Defendant failed to pay New York Class Members on a salary basis;

d.     Whether Defendant has employed New York Class Members in a position subject to, and not exempt from, New York's overtime pay requirements;

e.     Whether Defendant has violated Sections 142-2.2 and 142-2.9 of the enacting regulations of the New York Labor Law (N.Y. COMP. CODES R. & REGS. tit. 12, §§ 142-2.2, 142-2.9) by its failure to pay New York Class Members overtime compensation;

f.     Whether Defendant has knowingly and intentionally violated New York Labor Law § 195 by failing to furnish New York Class Members with statements at the time of the payment of their wages showing their actual hours worked;

g.     Whether Defendant has knowingly and intentionally violated New York Labor Law § 195 by failing to furnish New York Class Members with statements at the time of the payment of their wages indicating the lawful overtime rate of pay;

h.     The proper measure of damages, restitution, interest, and penalties owed to Plaintiff and the New York Class Members.

27.     Typicality:  Plaintiff's claims are typical of the claims of the other New York Class Members. Defendant's common course of unlawful conduct has caused Plaintiff and similarly situated New York Class Members to sustain the same or similar injuries and damages caused by the same practices of Defendant. Plaintiff's claims are thereby representative of and co-extensive with the claims of the other New York Class Members.

28.     Adequacy of Representation:  Plaintiff is a member of the Rule 23 Class defined herein, does not have any conflicts of interest with other New York Class Members, and will prosecute the case vigorously on behalf of the Class. Plaintiff will fairly and adequately represent and protect the interests of the New York Class Members. Plaintiff's counsel are competent and experienced in litigating large employment class actions, including large wage and hour class actions.

29.     Superiority:  The expense and burden of individual litigation by each member makes or make it impractical for New York Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual New York Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other New York Class Members who are parties to the adjudication and/or may substantially impede their ability to adequately protect their interests.

## VIII.     DAMAGES

30.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and similarly situated Class and Collective Action Members are owed overtime compensation, unpaid wages, interest, liquidated damages, and penalties, the precise amount of which will be proven at trial.

## IX.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME COMPENSATION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *ET SEQ.*)
### (ON BEHALF OF PLAINTIFF AND
### FLSA COLLECTIVE ACTION MEMBERS)

31.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of herself and all FLSA Collective Action Members.

32.     At all relevant times, Defendant has been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed, and continues to employ, "employee[s]" including Plaintiff and each of the FLSA Collective Action Members.  At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

33.     Plaintiff consents to sue in this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  A copy of Plaintiff's consent to sue is attached hereto as Exhibit A.

34.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a week.

35.     Collective Action Members are entitled to overtime compensation for all overtime hours worked.

36.     At all relevant times, Defendant had a policy and practice of paying straight time rates for overtime work hours to FLSA Collective Action Members for their hours worked in excess of forty (40) hours per week.

37.     By failing to compensate Plaintiff and FLSA Collective Action Members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of

forty (40) hours in a workweek, Defendant violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1).

38.     The salary basis requirement is a longstanding and straightforward precondition to exempt status under the FLSA, and Defendant is a large and sophisticated business entity familiar with the requirements of the FLSA. Defendant's violations were willful because it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.

39.     Plaintiff, on behalf of herself and the FLSA Collective Action Members, seeks damages in the amount of unpaid overtime compensation, interest, and liquidated damages, as provided by the FLSA, 29 U.S.C. §§ 216(b), 255, and such other legal and equitable relief as the Court deems just and proper.

40.     Plaintiff, on behalf of herself and FLSA Collective Action Members, seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## UNLAWFUL FAILURE TO PAY WAGES
## (N.Y. LAB. LAW § 191)
## (ON BEHALF OF PLAINTIFF AND
## ALL NEW YORK CLASS MEMBERS)

41.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of herself and the above-described Rule 23 Class of similarly situated New York Class Members.

42.     During the New York Class Period, Plaintiff and New York Class Members were not compensated for all hours worked, including but not limited to the ninth and tenth hours worked each day. The precise number of hours worked for which Plaintiff and New York Class Members were not paid will be proven at trial.

43.     Defendant knew or should have known Plaintiff's and New York Class Members' actual hours of work, as Plaintiff recorded all hours of work but was not paid for her ninth and tenth hours of work each day.

44.     At all relevant times, Defendant was aware of, and under a duty to comply with the provisions of New York Labor Law governing the payment of wages, including but not limited to New York Labor Law § 191(1)(d).

45.     New York Labor Law § 191(1)(d) provides that "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer." By failing and refusing to compensate Plaintiff and New York Class Members for all hours worked, Defendant failed to pay wages to those employees in accordance with the agreed terms of employment in violation of New York Labor Law § 191(1)(d).

46.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and New York Class Members have sustained damages including loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial, and are entitled to recover their unpaid earnings, including interest therein, and an additional amount as liquidated damages pursuant to New York Labor Law § 198. Plaintiff and New York Class members are also entitled to recover reasonable attorneys' fees and costs, pursuant to New York Labor Law § 198.

**THIRD CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY OVERTIME WAGES**
**(N.Y. COMP. CODES R & REGS., tit. 12, §§ 142-2.2, 142-2.9)**
**(ON BEHALF OF PLAINTIFF AND NEW YORK CLASS MEMBERS)**

47.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of herself and the above-described Rule 23 Class of similarly situated New York Class Members.

48.     During the New York Class Period, Plaintiff and the New York Class Members worked, on many occasions, in excess of 40 hours in a work week.  The precise number of

overtime hours will be proven at trial. Despite the hours worked by Plaintiff and the New York
Class Members, Defendant willfully and in knowing violation of New York Labor Law's
enacting regulations, failed and refused to compensate Plaintiff and New York Class Members
for all overtime wages earned.

49.     At all relevant times, Defendant was aware of, and under a duty to comply with,
the overtime provisions of New York Labor Law and its enacting regulations including, but not
limited to, N.Y. COMP. CODES R. & REGS., tit. 12, § 142-2.2.

50.     N.Y. COMP. CODES R. & REGS., tit. 12, § 142-2.2 provides, in pertinent part:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times
> the employee's regular rate in the manner and methods provided in and subject to the
> exemptions of Section 7 and Section 13 of 29 U.S.C. 201 *et seq*., the Fair Labor
> Standards Act of 1938, as amended . . . .

The FLSA, in turn, requires each covered employer, such as Defendant, to compensate all non-
exempt employees at the rate of not less than one and one-half times the regular rate of pay for
work performed in excess of forty (40) hours in a workweek.

51.     N.Y. COMP. CODES R. & REGS., tit. 12, §142-2.9 provides that "[t]he
minimum and overtime wage provided by this Part shall be required for each week of work,
regardless of the frequency of payment, whether the wage is on a commission, bonus, piece rate,
or any other basis."

52.     During the New York Class Period, Defendant refused to compensate Plaintiff
and New York Class Members for all of the overtime wages earned, in violation of N.Y. COMP.
CODES R. & REGS., tit. 12, §§ 142-2.2, 142-2.9.

53.     By refusing to compensate Plaintiff and New York Class Members for overtime
wages earned, Defendant violated the New York Labor Law provisions and enacting regulations
cited herein.

54.     As a direct and proximate result of Defendant's unlawful conduct, as set forth
herein, Plaintiff and New York Class Members have sustained damages including loss of

earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at

trial, and are entitled to recover their unpaid overtime compensation, including interest thereon,

and an additional amount as liquidated damages pursuant to New York Labor Law § 198 (1-a).

Plaintiff and New York Class Members are also entitled to recover reasonable attorneys' fees

and costs, pursuant to New York Labor Law § 198 1-a.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE REQUIRED WAGE STATEMENTS**
**(N.Y. LAB. LAW § 195)**
**(ON BEHALF OF PLAINTIFF AND NEW YORK CLASS MEMBERS)**

55.     The allegations of each of the preceding paragraphs are re-alleged and

incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of

herself and the above-described Rule 23 Class of similarly situated New York Class Members.

56.     New York Labor Law § 195 provides, in pertinent part:

Every employer shall:
3. furnish each employee with a statement with every payment of wages, listing the
following: the dates of work covered by the payment of wages; name of employee; name
of employer; address and phone number of employer; rate or rates of pay and basis
thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;
gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and
net wages.  For all employees who are exempt from overtime compensation as
established in the commissioner's minimum wage orders or otherwise provided by New
York state law or regulation, the statement shall include the regular hourly rate or rates of
pay; the overtime rate or rates of pay; the number of regular hours worked, and the
number of overtime hours worked.  For all employees paid a piece rate, the statement
shall include the applicable piece rate or rates of pay and number of pieces completed at
each piece rate.  Upon the rest of an employee, an employer shall furnish an explanation
in writing of how such wages were computed.

57.     The wage statements that Defendant provided to Plaintiff and New York Class

Members with each payment of wages do not accurately state the regular hourly rate or rates of

pay that Plaintiff and New York Class Members were paid, as they were not compensated for

ninth and tenth hours of work, as applicable, each day.

58.     Defendant's failure to include a statement of the accurate regular hourly rate or rates of pay with each payment of wages violates New York Labor Law § 195(3).

59.     The wage statements that Defendant provided to Plaintiff and New York Class Members with each payment of wages do not state the lawful overtime rate or rates of pay, as Defendant failed to pay an overtime rate for all overtime hours worked.

60.     Defendant's failure to include a statement of the lawful overtime rate or rates of pay with each payment of wages violates New York Labor Law § 195(3).

61.     The wage statements that Defendant provided to Plaintiff and New York Class Members with each payment of wages do not state the actual number of hours worked.

62.     Defendant's failure to provide a statement of the actual number of hours worked with each payment of wages violates New York Labor Law § 195(3).

63.     As a consequence, Defendant knowingly and intentionally failed to provide timely, accurate and complete wage statements to Plaintiff and New York Class Members in accordance with New York Labor Law § 195(3). Upon information and belief, none of the statements provided by Defendant to New York Class Members accurately reflect the actual hours worked (regular and/or overtime), gross wages earned, net wages earned, or the appropriate deductions for New York Class Members.

64.     Defendant's failure to include on the wage statements the applicable rate or rates of pay and the basis thereof, the regular hourly rate or rates of pay, the overtime rate or rates of pay, the actual hours worked, injured Plaintiff and New York Class Members. For example, it deprived Plaintiff and the New York Class Members of the ability to determine whether they were being paid lawfully for the hours they worked, to calculate the extent of the underpayment, and to promptly bring suit to recover their unpaid wages.  Further, because Defendant failed to provide this most basic and statutorily required information, Plaintiff has had to research and find a lawyer to take her case and has been forced to file this lawsuit and will have to conduct discovery and reconstruct time records in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and spend time and energy litigating this matter.

Plaintiff would not have had to engage in these efforts and incur these costs had Defendant provided Plaintiff and New York Class Members with lawful wage statements.

65.     As a direct and proximate result of Defendant's unlawful conduct in violation of New York Labor Law § 195(3) as set forth herein, Plaintiff and each New York Class Member may recover the damages and penalties provided for under New York Labor Law § 198(1-d), together with costs and reasonable attorney's fees.

## X.     REQUEST FOR JURY TRIAL

66.     Plaintiff, on behalf of herself and all others similarly situated, hereby requests a trial by jury to the extent authorized by law.

## XI.     PRAYER FOR RELIEF

67.     WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective Action, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Action Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated FLSA Collective Action Members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Plaintiff as the Representative of the FLSA Collective Action;

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.     An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

E.     Costs of action incurred herein, including expert fees;

F.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.     Pre-Judgment and Post-Judgment interest, as provided by law; and

H.     Such other relief as this Court deems necessary, just, and proper.

68.     WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for entry of judgment in favor of Plaintiff and the proposed New York Class against Defendant on all Claims for Relief.  In particular, Plaintiff prays for the following relief:

       A.     Appointment of Plaintiff as Class Representative for the New York Class;

       B.     Appointment of Plaintiff's Counsel as Class Counsel for the New York Class;

       C.     Provision of class notice to all New York Class Members;

       D.     A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law, among others:

          1.     New York Lab. Law § 191 by failure to pay wages for all hours worked;

          2.     Sections 142-2.2 and 142-2.9 of the enacting regulations of the New York Labor Law by failure to pay New York Class Members overtime compensation;

          3.     New York Lab. Law § 195 by failure to furnish New York Class Members with statements at the time of the payment of their wages showing their actual hours worked and lawful overtime rate of pay;

       E.     A declaratory judgment that Defendant's violations as described above were willful and/or knowing and intentional;

       F.     An equitable accounting to identify, locate, and restore to all current and former New York Class Members the overtime wages due;

       G.     That Plaintiff and the New York Class be awarded interest accrued on their damages;

       H.     An award to Plaintiff and the New York Class Members of unpaid regular and overtime wages, subject to proof;

I.      An award to Plaintiff and New York Class Members of statutory damages under New York Labor Law § 198 for failure to provide complete and accurate pay statements, subject to proof;

J.      An award to Plaintiff and New York Class Members of restitution of unpaid compensation and expenses, subject to proof;

K.      An award to Plaintiff and New York Class Members of liquidated damages under New York Labor Law § 198, in an amount equal to minimum wages unlawfully unpaid, according to proof;

L.      An award to Plaintiff and New York Class Members of such other and further relief as this Court deems just and proper.


DATED:  February 14, 2017

RUKIN HYLAND LLP


By: /s/ *Peter Rukin*

Peter Rukin (PR1977)
prukin@rukinhyland.com
Jessica Riggin* (CA State Bar No. 281712)
jriggin@rukinhyland.com
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
*Pro Hac Vice* application forthcoming

Attorneys for Plaintiff