USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5-1-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

ROSELYNN KÉROLLÉ, on behalf of herself and all others similarly situated,

                       Plaintiffs,

     -against-

PRINCETON INFORMATION, LTD.

                       Defendant.

------------------------------------------------------------------- x

1:17-CV-01139 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., District Judge:**

The Court has received Plaintiffs' unopposed motions for (1) final approval of settlement in the above captioned action; and (2) for attorney's fees, costs, and service award. After careful review, the Court finds that the settlement, requested fees, costs, and service award are fair and reasonable. Plaintiffs' motions are hereby **GRANTED** and the matter is dismissed with prejudice. This document shall constitute a judgment for purposes of Fed. R. Civ. P. 58.

## DISCUSSION

*1. Settlement*

The Court grants final approval based on the terms set forth in the "Joint Stipulation of Class and Collective Action Settlement and Release" ("Stipulation"). ECF 69 Ex. 1. The Court finds that the all members of the Settlement Class, as defined by parties in ECF 63 Ex. 1, were properly noticed of the settlement, and confirms as final its preliminary certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(3) and 29 U.S.C. § 216(b).

The Court confirms as final the appointment of Roselynn Kérollé as Class Representative for the Settlement Class, and the appointment of Peter Rukin and Jessica Riggin of Rukin Hyland LLP as Class Counsel for the Settlement Class. The Court finds that Class Counsel are qualified

to serve as class counsel. The Court finds that administrative costs of $10,367.00 are fair, adequate, and reasonable. Accordingly, the Court approves an award of administrative expenses to Dahl Administration in the amount of $10,367.00. The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

The Court also finds that the Section XVII, the "Release" provision, and Section XX, the "Confidentiality" provision, of the Stipulation to be fair and reasonable. Consistent with *Cheeks v. Freeport Pancake House, Inc.*, the Release and Confidentiality provisions are not overbroad or in tension with the remedial purposes of the Fair Labor Standards Act ("FLSA"). 796 F.3d 199, 206 (2d Cir. 2015). The Release provision is appropriately limited to wage-and-hour issues. *See Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (approving settlement agreement release provision that was limited to wage-and-hour issues). And the Confidentiality provision only creates specific limitations regarding discussions with media, but does not generally bar Plaintiffs from discussing the content of the settlement, comporting with the broader purposes of the FLSA. *See Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 LAK, 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (barring a plaintiff from speaking about the settlement would "thwart Congress's intent to ensure widespread compliance with the statute by silencing the employee who has vindicated a disputed FLSA right.") (internal quotation omitted).

*2. Service Award, Fees and Costs*

The Court finds that Plaintiffs' requests are fair and reasonable in light of the prevailing law of this Circuit. The $10,000 service award requested for Named Plaintiff Roselynn Kérollé, which constitutes 1.2% of the $825,000 settlement amount ("Maximum Settlement Amount") is within the acceptable range for service awards. *See Ippudo USA Holdings*, 2016 WL 1222347,

at *2 (S.D.N.Y. Mar. 24, 2016) ("A $30,000 total service award represents approximately 5% of the settlement fund, which is well within the range of service awards recently approved in the Southern District of New York in FLSA cases") (internal citations and quotations omitted).

Attorneys' fees of $262,379.85, which represent 31.8% of the Maximum Settlement Amount is fair and reasonable. *See Monzon v. 103W77 Partners, LLC*, No. 13 CIV. 5951 AT, 2015 WL 993038, at *2 (S.D.N.Y. Mar. 5, 2015). Moreover, the Court finds that the *Goldberger* factors weigh in favor of approving the fee request. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Namely, (1) counsel has expended considerable time and effort (over 420 hours) in litigating this matter; (2) the matter presents complex issues due to the hybrid Fair Labor Standards Act and New York Labor Law class and collective action; (3) the continued risk of litigation and its associated costs is greater than the fees requested; (4) the quality of counsel, who are experienced employment lawyers who have prosecuted and favorably settled many wage-and-hour class actions, warrants the requested fee; (5) the requested fee falls within the norms of the Circuit; and (6) public policy considerations weigh in favor of the requested fee.

Finally, counsel's request for $10,120.15 is reasonable in light of the costs associated with successfully prosecuting this matter, including travel expenses, messenger services, mediation fees, filing and court fees, and transcript fees. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients.") (citing *Miltland Raleigh–Durham v. Myers*, 840 F.Supp. 235, 239 (S.D.N.Y.1993)).

Accordingly, the Court **HEREBY ORDERS** (1) a service award in the amount of $10,000 to Named Plaintiff Roselyn Kérollé; and (2) attorneys' fees in the amount of

$262,379.85, and reasonable costs in the amount of $10,120.15, for a total of $272,500 to Class Counsel.

**SO ORDERED.**

Dated:   **May 1, 2018**
         **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**